# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSHUA SULLIVAN, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to his race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black male and former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until his termination on or about December 23, 2021.

5.

Plaintiff is a resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and may be properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

7.

Plaintiff began working for General Mills at the Covington location as a manufacturing technician around July 23, 2019.

8.

When General Mills doubled the number of TTLs at the Covington location, Plaintiff was given a TTL role in Puff Processing.

9.

Plaintiff was in the TTL position of Danny Thompson, who left the company and, when he returned, was angry that Plaintiff was in his former position.

10.

Thompson and other employees banded together to nitpick Plaintiff's performance and knowledge.

11.

Plaintiff complained to Chris Morrison and Mandy Calloway that someone on his team told him that everyone hated him and looked at him with disgust.

12.

Plaintiff thought Morrison and Calloway were investigating his complaint but, in reality, they gathered statements from the co-workers harassing him about their perception of Plaintiff's work abilities.

13.

The more Plaintiff reported the bullying and targeting, the more other employees worked together against him.

14.

Plaintiff was terminated for allegedly coming in at the wrong time. He was a TTL so was not (and should not have been) given points for that.

15.

Plaintiff's termination did not follow the progressive discipline policy.

16.

The next week after Plaintiff was fired, Thompson got his TTL role.

17.

Plaintiff was passed over in favor of less-qualified white employees for at least six job positions even though he has an MBA and engineering background.

## **COUNT ONE**

<u>42 U.S.C. § 1981:  Race Discrimination</u>

18.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

19.

Pursuant to the Civil Rights Act of 1866 –

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  This provision applies to nongovernmental discrimination. *Id.* at § 1981(c).

20.

General Mills has knowingly allowed white supervisors and decision makers who are members of a fraternal white supremacist organization, "the Good Ole Boys," to operate the Covington facility in a manner that systematically deprives Black employees the equal benefits of employment enjoyed by white employees on the basis of race and the color of their skin.

21.

The Good Ole Boys' actions and omissions that amount to the systematic deprivation of the full rights of employment to Black employees have created a racially hostile work environment that have altered the terms, conditions, or privileges of employment because of race.

22.

The Good Ole Boys include, among others, Chris Morrison, Mandy Calloway, and Danny Thompson, all of whom had a role in Plaintiff's termination.

23.

Due to the discriminatory practices of Defendant, Black employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR at the Covington facility.

24.

Plaintiff was terminated in violation of Defendant's progressive discipline policy to free a TTL role for Thompson, a white Good Ole Boys member.

25.

Plaintiff was passed over for numerous promotions in favor of less-qualified white males.

26.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

27.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

28.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## COUNT TWO

42 U.S.C. § 1981:  Retaliation

29.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

30.

Plaintiff engaged in a protected activity when he complained about being targeted and treated differently because he occupied a TTL position of a Good Ole Boy.

31.

In retaliation for Plaintiff's complaints, Defendant took materially adverse actions against him, including termination.

32.

Plaintiff asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

## COUNT THREE

42 U.S.C. § 1981:  Hostile Work Environment

33.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

34.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Danny Thompson.

35.

Thompson and others' discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

36.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

37.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

38.

Plaintiff asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full amount of financial losses caused to Plaintiff as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(d) Reinstatement of Plaintiff;

(e) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f)     Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(g)     Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(h)     Judgment against Defendant for damages incurred by Plaintiff;

(i)     Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(j)     An award of pre-judgment and post-judgment interest;

(k)     A trial by jury on all issues triable to a jury; and

(l)     Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

                By:    /s/ Douglas H. Dean
                          Georgia Bar No. 130988
                          Attorney for Plaintiff
                          Dean Thaxton, LLC
                          601 E. 14th Avenue (31015)
                          Post Office Box 5005
                          Cordele, Georgia 31010
                          T:  (229) 271-9323
                          F:  (229) 271-9324
                          E: *doug@deanthaxton.law*


                By:    /s/ Linda G. Carpenter
                          Georgia Bar No. 111285
                          Attorney for Plaintiff
                          The Brosnahan Law Firm
                          31 Lenox Pointe, NE
                          Atlanta, GA 30324
                          T:  (404) 853-8964
                          F:  (678) 904-6391
                          E: *lgc@brosnahan-law.com*